UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALLIANCE LAUNDRY SYSTEMS, LLC,

                      Plaintiff,

   -v-                                                6:18-CV-180

STEPHEN ENGLE,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                     OF COUNSEL:

O'CONNELL AND ARONOWITZ          F. MATTHEW JACKSON, ESQ.
Attorneys for Plaintiff
54 State Street
9th Floor
Albany, NY 12207

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

**I.**     **INTRODUCTION**

On February 12, 2018, plaintiff Alliance Laundry Systems, LLC ("plaintiff" or "Alliance") filed this action against defendant Stephen Engle ("defendant" or "Engle") alleging Engle defaulted on a promissory note he executed with Alliance for the purchase of laundry equipment. Currently pending is plaintiff's motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.

## II. **BACKGROUND**

The debt in question arises out a promissory note executed by defendant in favor of Alliance to finance the purchase of laundry equipment (the "Note").

Alliance's complaint avers that on March 23, 2015, Engle executed the Note in the amount of $91,127.06. Pursuant to the terms of the Note, Engle was required to make monthly payments on the twenty-fourth of each month. Pursuant to the terms of the Note, his failure to make any payment when due constituted an event of default under the Note. The Note further provides that upon default, Alliance may declare the entire unpaid principal balance under the Note and all accrued unpaid interest immediately due and payable and collect all amounts owing from Engle.

According to the complaint, Engle failed to make payments as required under the terms of the Note. Specifically, he failed to make the required monthly payments for September and October, 2017. Engle's failure to make payment when due constituted a default under the terms of the Note and he has thus breached the Note.

Further, pursuant to the Note, Engle agreed to pay all of Alliance's costs of enforcement and collection, including Alliance's reasonable attorneys' fees of at least 20% of the remaining principal balance and actual costs. On October 13, 2017, Alliance made demand upon Engle for payment under the Note and expressly notified Engle that failure to make payment and cure the existing defaults would result in acceleration of all amounts due and coming due under the Note. After Alliance served its demand upon Engle, he has since failed to make the required monthly payments.

On April 23, 2018, after multiple failed attempts to personally serve defendant at his residence, defendant was served with the summons and complaint by mail. Defendant did

not appear or otherwise defend against the claim. On June 6, 2018, the Clerk of the Court determined that defendant was properly served and issued a certificate of default against defendant. Plaintiff's attorney F. Matthew Jackson, Esq. of the O'Connell, Aronowitz law firm provided a sworn affidavit stating that defendant is not an infant or incompetent, and that he is not in the military service.

### III.  DISCUSSION

"Generally, 'Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant.'" United States v. Carpineta, No. 14-CV-0517, 2015 WL 500815, *1 (N.D.N.Y. Feb. 5, 2015) (quotation omitted). "'First, under Rule 55(a), when a party fails to "plead or otherwise defend . . . the clerk must enter the party's default."' Id.; Fed. R. Civ. P. 55(a). "Second, under Fed. R. Civ. P. 55(b)(1), '[u]pon request of the plaintiff, a default judgment may be entered by the clerk when (1) the plaintiff's claim against the defendant is for a sum certain, (2) the plaintiff has submitted an affidavit of the amount due, and (3) the defendant has been defaulted for failure to appear.'" Id.

When entry by the clerk is inappropriate, "'pursuant to Rule 55(b)(2), the party seeking default is required to present its application for entry of judgment to the court.'" United States v. Simmons, No. 10-CV-1272, 2008 WL 685498, *2 (N.D.N.Y. Mar. 2, 2012) (quotation omitted). "'Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment.'" Id. (quotation omitted); see also Fed. R. Civ. P. 55(b)(2).

"When a default is entered, the defendant is deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." Bravado Int'l Grp.

Merch. Servs. v. Ninna, Inc., 655 F. Supp. 2d 177, 188 (E.D.N.Y. 2009) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). "While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). "[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought." Overcash v. United Abstract Grp., Inc., 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008). "The burden is on the plaintiff to establish its entitlement to recovery." Bravado Int'l, 655 F. Supp. 2d at 189. "While 'the court must ensure that there is a basis for the damages specified in a default judgment, it may, but need not, make the determination through a hearing.'" Id. at 190 (quotation omitted).

In order to establish its entitlement to the damages claimed, a plaintiff must submit specific documentary evidence sufficient to "ascertain the amount of damages with reasonable certainty." United States v. Linn, No. 10-CV-5289, 2011 WL 2848208, *2 (E.D.N.Y. July 14, 2011).

In the present manner, plaintiff has established through its filings and attached exhibits that is entitled to judgment in its favor. As stated in the Note, Notice of Default and Acceleration, Security Agreement, UCC Financing Statement, Final Demand letter, and affidavit by Attorney Jackson in support of the damages claimed and signed under penalty of perjury by Attorney Jackson, defendant defaulted on his obligations under the promissory note and a demand for payment of the debt was made. Additionally, by failing to answer plaintiff's complaint or respond to this motion, defendant "has effectively conceded" that he is subject to the terms of the promissory note, and is liable for monies owed. See United

- 4 -

States v. Beam, No. 12-CV-98, 2012 WL 1802316, *2 (N.D.N.Y. May 17, 2012). Finally, plaintiff has complied with the requirements set forth in Local Rule 55.2(b) to the extent required for the court to grant plaintiff's motion as to liability.

As to damages, plaintiff's attached documents and affidavit are sufficient to establish damages owed. The principal owed as of January 12, 2018 was $72,926.20. As of January 12, 2018, interest owed was $1,831.26 with late fees of $562.80. Interest owed from January 12, 2018 to June 7, 2018 was $2,130.05 with late fees of $704.38. Additionally, plaintiff's counsel incurred costs and disbursements of $806.00, resulting in a total of unpaid principal, pre-judgment interest, late fees, and costs of $78,960.69.

Pursuant to 28 U.S.C. § 1961(a), plaintiff is also entitled to post-judgment interest. The rate of such interest "shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calender week preceding the date of judgment." 28 U.S.C. § 1961(a) (internal footnote omitted).

## IV. **CONCLUSION**

After carefully reviewing plaintiff's submissions and the applicable law, and for the reasons stated, plaintiff has established its entitlement to default judgment for a sum certain.

Therefore, it is

ORDERED that

1. Plaintiff's motion for default judgment is GRANTED;

2. Damages are awarded in the following amount:

    (1) unpaid principal, pre-judgment interest, late fees, and costs of $78,960.69;

    (2) post-judgment interest at the statutory rates as discussed above; and

3. The Clerk of the Court enter judgment in plaintiff's favor and close this case

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 4, 2018
　　　　Utica, New York.